# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN F. ZASTROW,

    Petitioner,

v.                                                Case No. 11-C-049

WILLIAM POLLARD,

    Respondent.

## DECISION AND ORDER

The pro se petitioner filed his petition for a writ of habeas corpus on January 18, 2011. On June 2, 2011, the petitioner filed a motion to compel and a motion for appointment of counsel. (Docket #15). On June 15, 2011, the petitioner filed another motion to appoint counsel. (Docket #20). These motions will be addressed herein.

## MOTIONS TO APPOINT COUNSEL

There is no right to counsel in a federal habeas corpus proceeding. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interest of justice so requires. See Rules 6(a) & 8(c), Rules Governing Habeas Corpus Cases. However, at this early stage of the proceedings, this court is not prepared to make such a determination.

This court also has discretion to appoint counsel in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(e). Before appointing counsel, this court must consider

whether (1) the petitioner is indigent, (2) he has made reasonable efforts to secure counsel on his own, and (3) he is competent to litigate the matter on his own, considering the complexity of the case. See Romanelli v. Suliene, 615 F.3d 847, 851 (7th Cir. 2010); Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

In this case, Chief United States District Judge Charles N. Clevert has already determined that the petitioner is indigent for the purpose of paying the filing fee. (Order of May 10, 2011, at 3). However, it does not appear that the petitioner has made any efforts to secure counsel on his own. Moreover, at this juncture of the proceedings, the case does not appear to be overly complex. Based on the petitioner's submissions to date, it appears that he is competent to litigate his petition for a writ of habeas corpus himself and that the presence of counsel will not be outcome determinative. Farmer, 990 F.2d at 322. Consequently, the petitioner's motions for appointment of counsel will be denied.

## MOTION TO COMPEL

The petitioner also has moved the court to take action with respect to some of his current conditions of confinement at the Green Bay Correctional Institution (GBCI). Specifically, the petitioner asserts that he is not allowed access to his personal typewriter because he is currently housed in segregation. The petitioner also contends that he is permitted to spend only two to four hours per week in the law library, which he believes is insufficient. The petitioner requests this court to compel the Green Bay Correctional Institution to permit the petitioner access to his typewriter and to the law library for at least eight to ten hours per week.

"'Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials . . .; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state . . . how to run its prison system.'" Scarver v. Litscher, 434 F.3d 972, 976-977 (7th Cir. 2006) (quoting Duran v. Elrod, 760 F.2d 756, 759 [7th Cir. 1985]); see also, Bell v. Wolfish, 441 U.S. 520, 547 (1979). Therefore, this court declines to become involved in the administration of the GBCI as the petitioner requests.

Moreover, according to the law library procedures for general segregation which were attached by the petitioner to his motion, the petitioner will be granted additional time in the law library when a verified legal deadline is approaching. (See Petitioner's Motion to Take Action/Compel and Motion to Appoint Counsel, Exh. 1 at 2). In addition, the petitioner may also file a motion for an extension of time if he requires additional time to complete his briefing in this case. Accordingly, the court will deny the petitioner's motion to compel.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to compel and for appointment of counsel be and hereby is **denied**. (Docket #15).

**IT IS ALSO ORDERED** that the petitioner's second motion for appointment of counsel be and hereby is **denied**. (Docket #20).

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2011.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge