# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

STEVEN F. ZASTROW,

    Petitioner,

v.                                                                                Case No. 11-C-49

MICHAEL BAENEN, Warden
Green Bay Correctional Institution,[1]

    Respondent.

---

## **DECISION AND ORDER**

---

On January 1, 2011, pro se petitioner Steven F. Zastrow filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner pled no-contest to forgery, theft-false representation, bail jumping, and issuing worthless checks. The petitioner was sentenced to nine years of imprisonment followed by thirteen years of extended supervision and probation.[2]

The petitioner challenges the October 26, 2006, judgments of conviction, which were affirmed by the Wisconsin Court of Appeals on March 9, 2010. In his petition, the petitioner asserts that: (1) the state courts erred in finding that his pleas were made voluntarily, knowingly, and intelligently, (2) his trial counsel was ineffective, (3) the circuit court judge improperly questioned a witness during the petitioner's hearing on his motions to withdraw his pleas, (4) the

---

1 The petition originally named the respondent as William Pollard. However, Michael Baenen has since replaced Mr. Pollard as the warden at the Green Bay Correctional Institution, where the petitioner is incarcerated. Accordingly, Warden Baenen shall be substituted as the proper respondent. See Rule 2 of the Rules Governing § 2254 Cases.
2 In his petition, the petitioner stated that he was sentenced to eleven years of imprisonment. However, certain sentences are to be served concurrently which results in a total period of confinement of nine years.

"legal impossibility" of charged offenses in 05CF285 Counts 1 and 2, (5) the court improperly refused to hold an evidentiary hearing before sentencing and after the petitioner's counsel had filed motions to withdraw the pleas, and (6) the court did not verify that the petitioner's pleas were properly entered. (Petitioner's Petition for a Writ of Habeas Corpus [Petition], at 9).

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 3(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

United States District Court Judge Charles N. Clevert, Jr., conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases and determined that the petitioner presented "at least colorable constitutional issues." (Judge Clevert's Order of May 10, 2011, at 2). Thus, the court ordered the respondent to answer the petition for a writ of habeas corpus. The respondent has answered and the parties have briefed the petition for a writ of habeas corpus. Therefore, the petition is ready for disposition and will be addressed herein.

## APPLICABLE LAW

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts, acting within their jurisdiction, to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-877 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F. Supp. 2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 362, 404-05 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applie[d] [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 529 U.S. at 411). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## RELEVANT FACTUAL BACKGROUND

The facts of this case were set forth by the Wisconsin Court of Appeals in its decision:

> This case involves two consolidated appeals. In appeal No. 2009AP513-CR (Outagamie County Case No. 2005CF285), Zastrow was originally charged with two counts of issuing worthless checks and five counts of bail jumping arising from five other Outagamie County cases. The charges were subsequently amended to include four more felony charges. In appeal No. 2009AP512-CR (Outagamie County case No. 2002CF1013), Zastrow was charged with three counts of uttering forged checks. Zastrow entered no contest pleas to seven felonies from five separate cases in exchange for seven other counts being dismissed and read in.

˘ 4 ˘

>    Zastrow subsequently filed motions to withdraw pleas or, in the alternative, to modify sentences. A hearing was held on February 4, 2009. The circuit court denied Zastrow's motions, concluding he failed to demonstrate a fair and just reason for plea withdrawal. The court also specifically found Zastrow not credible. The court supplemented its oral ruling with a written decision. This appeal follows.

(Petition, Exh.1 at 4-5) (internal footnotes omitted).[3]

The court of appeals upheld the circuit court's determination that the petitioner's pleas passed constitutional muster. Although there were some technical deficiencies in the plea colloquy, the court of appeals found that the record supported the circuit court's determinations that the petitioner was not credible and that he knew and understood all of the information that should have been presented at the colloquy. The court of appeals also found that the record supported the finding that the petitioner was not coerced into entering a plea because his trial counsel was unprepared. Rather, the court found that the petitioner's trial counsel had fully investigated the matter and that the petitioner indicated he always had intended to accept a plea deal.

The petitioner appealed this decision to the Wisconsin Supreme Court, which denied his petition for review by order issued August 18, 2010. The petitioner then filed this federal habeas action.

## **ANALYSIS**

The respondent contends that grounds one, two, and six of the petition have no merit because the court of appeals' decision was reasonable. The respondent also asserts that grounds three, four, and five are procedurally defaulted because the petitioner did not

---

3 The petitioner did not clearly or consistently number the exhibits he attached to his petition. Thus, the court cites to the exhibit and page numbers which are displayed on the court's electronic document filing system, which differs from the

adequately raise these issues before all levels of the state judiciary and cannot establish cause and prejudice or manifest injustice to overcome the default. The court will first address whether grounds three, four, and five are procedurally defaulted and then will proceed to the substantive merits of those claims which remain.

Procedural Default

With respect to the respondent's assertion that grounds three, four, and five are procedurally defaulted, this court may consider only certain claims under habeas review. "Out of respect for finality, comity, and the orderly administration of justice" a federal court can consider a petition for a writ of habeas corpus on its merits only if the petitioner (1) exhausted all remedies available in the state courts and (2) fairly presented any federal claims in state court first. Dretke v. Haley, 541 U.S. 386, 388 (2004); Bocian v. Godinez, 101 F.3d 465, 469 (7th Cir. 1996) (citing Picard v. Connor, 404 U.S. 270, 275 [1971]).

Fair presentment requires that a petitioner first give the state courts a fair opportunity to address his claims and correct any error of a constitutional magnitude. Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001) (citing 28 U.S.C. § 2254[b],[c]; O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 [1999]). To satisfy that requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state courts in a way that calls the court's attention to the federal constitutional nature of his claims. Badelle v. Correll, 452 F.3d 648, 661 (7th Cir. 2006). In addition, the petitioner must follow the state's procedural rules by presenting his claims in the time and manner required by state law. Chambers v. McCaughtry, 264 F.3d 732, 738-89 (7th Cir. 2001).

---

petitioner's numbering.

Based on these principles, petitioners seeking habeas review of Wisconsin state court proceedings must present their federal constitutional claims to the Wisconsin Court of Appeals, then appeal that decision by filing a petition for discretionary review with the Wisconsin Supreme Court. Pursuant to state statute, petitions to the Wisconsin Supreme Court must be filed within 30-days of the court of appeals' decision. Wis. Stat. § 808.10. Once the thirty-day deadline passes, the supreme court loses its jurisdiction to consider the petition. Buelow v. Dickey, 847 F.2d 420, 424-25 (7th Cir. 1988) (citing First Wisconsin Nat'l Bank v. Nicholaou, 87 Wis. 2d 360, 274 N.W.2d 704, 705 [1979]). In other words, if a petitioner files an untimely petition to the Wisconsin Supreme Court, he has not given the court a fair opportunity to address his claims and has procedurally defaulted. See id.

Once a court determines that the petitioner procedurally defaulted on his claim, it cannot reach a decision on the merits of that claim unless the petitioner can demonstrate, "(1) a cause for and actual prejudice arising from failing to raise the claim as required or (2) that enforcing the default would lead to a 'fundamental miscarriage of justice.'" Gomez, 350 F.3d at 679 (citing Wainwright v. Sykes, 433 U.S. 72, 87 [1977]).

In this case, the petitioner maintains that he raised these claims before the Wisconsin Court of Appeals. With respect to his third claim that the circuit court judge improperly questioned a witness at his hearing, the petitioner cites to two pages in his appellate brief to demonstrate that he raised this issue before the court of appeals. On these pages, the petitioner mentions that the judge questioned him at a hearing and contends that it was improper for the judge to do so. See Petition, Exh. 11 at 24, 34. However, the petitioner's only mention of any controlling legal authority is a citation to an irrelevant state case. In addition, the petitioner

˘ 7 ˘

never indicates that he is raising a due process claim or any other claim alleging a violation of his constitutional rights. Thus, the petitioner did not present "both the operative facts and the controlling legal principles" and did not "fairly alert[] the state court of the federal constitutional ground for his claim." Badelle, 452 F.3d at 661 (interal quotations omitted). Accordingly, the petitioner did not fairly present this claim to the state courts and has procedurally defaulted the claim.

In ground four of his petition, the petitioner maintains that Counts One and Two in Case Number 05CF285 were "legal impossibilities." While difficult to understand, the petitioner appears to be contesting the facts underlying several charges to which he pled guilty. The petitioner maintains that he raised this claim before the state court of appeals. However, a review of the cited portion of his appellate brief shows that the petitioner discussed alleged interactions with personnel at Wells Fargo Bank. See Petition, Exh. 11 at 30. It is unclear what claim he was attempting to raise. Moreover, the petitioner does not cite to any legal authority. He also did not raise this issue in his appeal to the Wisconsin Supreme Court. See id., Exh. 7. Thus, this court finds that this claim is not exhausted and the petitioner failed to fairly present that issue to the state courts because he did not present "both the operative facts and the controlling legal principles" sufficiently to "fairly alert[] the state court of the federal constitutional ground for his claim." Badelle, 452 F.3d at 661 (interal quotations omitted). Consequently, this ground is procedurally defaulted.

The petitioner next contends that he also raised his fifth ground for relief — the claim that the state court improperly refused to hold an evidentiary hearing — before the state court of appeals. A review of his appellate brief shows that the petitioner mentioned this fact in a

˘ 8 ˘

chronological review of his case at the beginning of his brief. However, he did not raise this as a ground for reversal before the state court of appeals. Accordingly, this claim is procedurally defaulted.

This court may consider the merits of these procedurally defaulted claims only if the petitioner can demonstrate, "(1) a cause for and actual prejudice arising from failing to raise the claim as required or (2) that enforcing the default would lead to a 'fundamental miscarriage of justice.'" Gomez, 350 F.3d at 679 (citing Wainwright v. Sykes, 433 U.S. 72, 87 [1977]). The petitioner does not present any reasons justifying his procedural default. Rather, he maintains that he properly raised these claims before the state court of appeals. Therefore, the court concludes that the petitioner has not established cause for and actual prejudice arising from failing to raise the claims as required.

In addition, the "fundamental miscarriage of justice exception applies only in the 'extremely rare' and 'extraordinary case' where the petitioner is actually innocent of the crime for which he is imprisoned." Gomez, 350 F.3d at 679 (quoting Schlup v. Delo, 513 U.S. 298 [1995]). In order to establish that he is actually innocent, the petitioner "must come forward with 'new reliable evidence . . ..'" Id. Here, the petitioner does not offer any additional evidence beyond his own assertions of innocence. Thus, he has not established that enforcing the procedural defaults would result in a fundamental miscarriage of justice. Accordingly, the petitioner's third, fourth, and fifth grounds for relief in his petition for a writ of habeas corpus will be denied because they are procedurally defaulted.

˅ 9 ˅

The Merits of Grounds One, Two, and Six

In grounds one and six, the petitioner asserts that he should be allowed to withdraw his plea on the ground that it was not knowing or voluntary. A defendant's plea of guilty or no contest is valid if entered knowingly, voluntarily, and intelligently. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Voluntariness of the plea is determined by "considering all of the relevant circumstances surrounding" the plea. Brady v. United States, 397 U.S. 742, 749 (1970). A plea is voluntary if not induced by threats or misrepresentations and if the defendant is made aware of the direct consequences of his plea. Id. at 755. The defendant "need not be made aware of every possible consequence." St. Pierre v. Walls, 297 F.3d 617 634 (7th Cir. 2002). Rather, he must be aware of the "relevant circumstances and likely consequence" surrounding the plea. Brady, 397 U.S. at 748. The United States Supreme Court has held that a knowing and voluntary plea bars any later challenge to alleged constitutional violations that occurred prior to the plea. Tollet v. Henderson, 411 U.S. 258, 265-67 (1970) (citing Brady, 397 U.S. at 750; McMann v. Richardson, 397 U.S. 759 [1970]; Parker v. North Carolina, 397 U.S. 790 [1970]). The rationale for the bar is that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett, 411 U.S. at 267.

In support of grounds one and six, the petitioner contends that the circuit court did not confirm via colloquy that the petitioner knew the constitutional rights he was waiving by entering a plea and did not consider all of the evidence. The court of appeals found that the plea colloquy was technically deficient because the judge failed to inform the petitioner that he was not bound by the plea agreement and that read-in charges could be considered in sentencing.

˘ 10 ˘

However, the court found that those deficiencies did not negate the constitutional validity of the petitioner's pleas. See Petition, Exh. 1 at 7-9 (note that pages 7 and 8 were filed in reverse order).

The court of appeals considered several factors in making this determination. Specifically, the court of appeals reviewed the circuit court's credibility determinations. The circuit court found the petitioner was not credible when he stated that he did not know or understand the information that was not provided at the plea colloquy, and that the petitioner's trial counsel was credible when he contradicted the petitioner. The record shows that, as the court found, the petitioner admitted on cross-examination that he understood the plea questionnaire and the waiver of rights forms he signed, which provided the information that the court failed to provide during the colloquy. In addition, the petitioner's counsel testified that he had explained that the judge could impose the maximum sentence despite the plea agreement. The court also noted that the petitioner had an extensive criminal history and experience with the sentencing and plea processes. In light of this, the court of appeals found that the record supported these credibility findings and affirmed the circuit court's finding that the petitioner's pleas were knowing, voluntary, and intelligent.

Accordingly, based on a careful review of the record, this court finds that the Wisconsin Court of Appeals' decision that the petitioner's no-contest pleas were voluntarily, knowingly, and intelligently entered was not contrary to, nor an unreasonable application of, clearly established law. Moreover, the court finds that the decision does not rest upon an unreasonable determination of the facts in light of the evidence. Thus, the petitioner's petition for a writ of habeas corpus on these grounds will be denied.

˘ 11 ˘

Case 2:11-cv-00049-PJG   Filed 01/11/13   Page 11 of 16   Document 38

The petitioner also contends in ground two of the petition that he received ineffective assistance of counsel. More specifically, the petitioner maintains that he was forced to enter no-contest pleas because his attorney was unprepared for trial.

A petitioner may claim that the ineffective assistance of counsel prevented him from entering a knowing and voluntary plea. See Tollett, 411 U.S. at 267. "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citing McMann v. Richardson, 397 U.S. 759, 771 [1970]). The two-part standard for evaluating ineffective assistance of counsel claims set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), is also applicable to ineffective assistance of counsel claims arising out of the plea process. Hill, 474 U.S. at 57. Strickland is "clearly established Federal law, as determined by the Supreme Court of the United States." See Washington, 219 F.3d at 627-28.

Pursuant to Strickland, a petitioner must establish two elements. "First, the [petitioner] must show that counsel's performance was deficient." 466 U.S. at 687. Then, the petitioner "must show that the deficient performance prejudiced the defense." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The first component requires a petitioner to show that his trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In other words, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second component, a

petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the context of guilty pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In Hill, the Supreme Court explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Id. The Court went on to explain:

> For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id. at 59-60 (citations omitted). Although dicta, this language provides guidance in determining what will satisfy the "prejudice" requirement.

If the court determines that the petitioner has failed to satisfy either component of the Strickland test, it need not address the other. See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991). Therefore, this court must determine whether the Wisconsin Court of Appeals' rejection of the petitioner's ineffective assistance of counsel claim was either "contrary to, or involved an unreasonable application of" the performance and prejudice rules set out in Strickland. See Washington, 219 F.3d at 628.

˘ 13 ˘

Here, the court of appeals reviewed the record and noted that the petitioner's counsel was in fact prepared for trial. Trial counsel testified that he had reviewed the police reports and all discovery in the petitioner's cases. Counsel found that potential witnesses had refuted the petitioner's version of events and that the petitioner's defenses to the bail jumping charges were invalid. In addition, the court of appeals found that counsel had investigated all of the charges against the defendant, including by interviewing personnel at a bank. Moreover, the petitioner had failed to provide his counsel with documentation he promised, admitted some of the offenses to counsel, and also indicated to counsel that he always had intended to agree to a plea bargain. Thus, the court of appeals wrote: "Quite simply, the circuit court did not believe [the petitioner's] reasons for withdrawing his pleas. The court's credibility findings are not clearly erroneous." (Petition, Exh. 1 at 7).

While the court of appeals did not expressly cite Strickland, it is clear that the court was analyzing whether the petitioner's trial counsel was objectively reasonable as required by Strickland. The court found that counsel's performance was sufficient and, therefore, it was unnecessary for the court to proceed to the next element of the analysis under Strickland.

Based on a review of the record, this court cannot find that the state court's decision was contrary to, or an unreasonable application of, clearly established law. Moreover, the court finds that the decision does not rest upon an unreasonable determination of the facts in light of the evidence. Accordingly, the petitioner's petition for a writ of habeas corpus on this ground will be denied.

In sum, the petitioner has procedurally defaulted grounds three, four, and five of his petition for a writ of habeas corpus because he did not fairly present these issues to all levels of

˘ 14 ˘

Case 2:11-cv-00049-PJG   Filed 01/11/13   Page 14 of 16   Document 38

the state judiciary. With respect to grounds one, two, and six – whether the petitioner's no-contest pleas were knowing, voluntary, and intelligent, and whether the petitioner received the effective assistance of counsel – this court finds that the state court's decisions were neither contrary to, nor an unreasonable application of, clearly established federal law and that the evidence supports the factual findings. Thus, the petitioner's petition for a writ of habeas corpus will be denied.

The petitioner has filed a motion for confirmation of the status of his habeas petition. (Docket #37). In light of this decision, that motion will be denied as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 [1983]). In this case, reasonable jurists would not find the court's decision to deny the petition on substantive grounds and for procedural default debatable or wrong. Thus, the court will deny a certificate of appealability as to all of the petitioner's claims.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall amend the caption to substitute Michael Baenen for William Pollard as the named respondent in this case.

**IT IS ALSO ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's motion for confirmation of the status of the habeas petition be and hereby is **denied as moot**. (Docket #37).

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that a certificate of appealability be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11th day of January, 2013.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

˘ 16 ˘

Case 2:11-cv-00049-PJG   Filed 01/11/13   Page 16 of 16   Document 38